EMMA G. REID, Respondent, *v.* JOHN M. GARDNER et al.,
Appellants.

A judgment in an action for partition of lands held by partners as tenants in common, which directs a partition by commissioners, and charges a mortgage held by one of the partners covering the undivided interest of his copartner upon the separate share of the latter, is not, where no division has already been made, a bar to an action for the foreclosure of the mortgage.

(Argued January 14, 1875; decided May term, 1875.)

THIS action was brought to foreclose a mortgage upon an undivided half of certain premises situate in the town of Haverstraw, executed by defendant John M. Gardner to Silas D. Gardner, plaintiff's assignor.

The Gardners were formerly partners in the business of brickmaking. Silas D. owned the lands covered by the mortgage. He conveyed an undivided half to his partner, taking the bond of the latter for the purchase-money, secured by the mortgage in question. The partners subsequently purchased other premises, which were deeded to them jointly. The defendants, among other things, pleaded in bar a former suit brought by Silas D. Gardner against the defendants and others for a dissolution of the partnership, an accounting and sale of sufficient of the partnership property to pay the debts, and a division of the residue, including a partition of the real estate in question, and the other real estate owned by the partners jointly. The answer set forth, and the court found, in substance, among

other things, that a judgment was rendered in such former action determining that a balance upon the partnership accounts was due to John M. Gardner from Silas D. Gardner of $1,121.61, which the latter was directed to pay; also, adjudging that a partition be made of the lands, and that the portion allotted to John M. should be charged with the lien of the mortgage. The commissioners appointed to make partition in case they found it impossible to make an equal division unless compensation were made by one of the parties to the other, were authorized to ascertain and report the proper compensation and to whom it should be paid. Among other real estate owned by the partners were three brick yards. The commissioners divided the property in two parts without assigning either part. The partners agreed between themselves that the one who would give the most should have a choice of the brick yards, leaving all other matters touching equality of division to be determined by the commissioners. Silas D. bid the highest, agreeing to give to John M. $2,005 for a choice. The commissioners have not yet reported or determined the amount to be paid by either party for equality of division. Defendants also claimed that if the former action was not a bar, the amount found due John M. Gardner and the amount bid by Silas D. for choice, as aforesaid, should be allowed and applied in payment upon the bond. The trial court held that the former action was not a bar; that defendants were entitled to have allowed the $1,121.61, but were not entitled to have allowed the $2,005. *Held*, no error; that the former action was conducted in subordination of the rights of the mortgagee under the mortgage in suit, which was not a partnership, but an individual claim; that it was simply sought thereon to set apart the interest of each tenant in common, and to make the mortgage a charge upon the separate interest of the mortgagor, leaving the lien of the mortgage undisturbed thereon; that the former action and judgment were not, therefore, upon the same subject-matter (*Tracy* v. *Reed*, 4 Blackf., 66; *McKinsey* v. *Anderson*, 4 Dana, 62; *King* v. *Chase*, 15 N. H., 9; *Duchess of K.'s Case*, 20 How. St. Trials, 538; *Spooner* v. *Davis*, 7 Pick., 149; *Arnold* v. *Arnold*, 17 Pick., 12; *Outram* v. *Morewood*, 3

East, 351; *Smith* v. *Weeks*, 26 Barb., 463 ; *Campbell* v. *Consalus*, 25 N. Y., 613) ; that if the commissioners should determine an amount to be due from Silas D. Gardner to John M., in order to make equality of division they could not apply it upon the mortgage, and that, therefore, the partition proceedings were not a bar ; also, that defendants were not entitled to be allowed the sum agreed to be paid for a choice of brick yards, as it was but a step in the partition proceedings, leaving the other matters to be determined by the commissioners and the ultimate balance undetermined, it being evidently the intention that the sum bid was simply to be taken as one of the items in the final determination, which might be balanced by others, and it was to be paid or not as the final judgment should determine.

*Calvin Frost* for the appellant.

*Edward Wells* for the respondent.

DWIGHT, C., reads for affirmance.
All concur.
Judgment affirmed.